UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CHARLES D. SCHOLL                                                    PLAINTIFF

v.                                                   CIVIL ACTION NO. 4:18-CV-P99-JHM

CORRECT CARE SOLUTIONS et al.                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is the motion to dismiss (DN 11) filed by Defendants. *Pro se* Plaintiff Charles D. Scholl has responded (DN 15). The matter being ripe, the Court will grant the motion to dismiss for the following reasons.

**I. STATEMENT OF THE CASE**

Plaintiff was a prisoner at Green River Correctional Complex (GRCC) at the time relevant to his complaint. He filed this 42 U.S.C. § 1983 action against Correct Care Solutions (CCS), the medical provider at GRCC, and Lessye Crafton, APRN at GRCC, in her individual capacity. *See* DNs 1 and 9. Plaintiff had stomach surgery in 2016 and has a colostomy bag. His complaint concerns his presentation to Defendant Crafton with recurring complaints of pain and bleeding at the site of his surgery. He attached to his complaint numerous exhibits, including grievances and medical records.

**II. ANALYSIS**

In deciding a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to Plaintiff, accepting all of Plaintiff's allegations as true. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Further, "the allegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in

determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The Court must determine whether Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face" and not merely conceivable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility arises when the complaint's factual content allows a reasonable inference of Defendant's liability. *Aschcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Twombly*, 550 U.S. at 556). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then the complaint has failed to show that Plaintiff is entitled to relief. *Id*. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Defendants' motion to dismiss argues that Defendants in their official capacities are immune from liability; that Plaintiff fails to state a claim against Defendant Crafton in her individual capacity; and that Plaintiff failed to exhaust his administrative remedies.

In response, Plaintiff argues that he was seen in medical for bleeding and increased stomach pain from March 1 to March 29, 2018, and Defendant Crafton "failed to see that something serious could be wrong because I've had ongoing bleed in my stomach where I had a major surgery done in 2016." He argues that this was a serious medical need as evidenced by the fact that, when he was seen by University of Kentucky (UK) general surgery doctors, they said he had possible cancer in his stoma. He also argues that Defendant Crafton failed to refer him back to the doctor for 28 or 29 days. He also states that Defendant Crafton knew about his ongoing bleeding and pain because she "signed off on all my medical documents after 3-1-18."

"The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting

2

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "A constitutional claim for denial of medical care has objective and subjective components." *Blackmore*, 390 F.3d at 895. To fulfill the objective component, the prisoner must show that he is suffering from a "sufficiently serious" medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the subjective component, the prisoner must show that a prison official possessed a "'sufficiently culpable state of mind.'" *Id*. at 834 (citation omitted). "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005).

The standard applied in reviewing the actions of prison doctors and medical staff in this type of case is deferential. *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). Courts will generally refrain from "second guessing" the adequacy of a particular course of treatment where a prisoner has received some medical attention and the dispute concerns the adequacy of that treatment. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also White v. Napoleon*, 897 F.2d 103, 1010 (3d Cir. 1990); *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002).

Here, the medical records attached to Plaintiff's complaint show that he was seen by Defendant Crafton multiple times during the time period in question, as follows. On March 1, 2018, Plaintiff presented to sick call with complaints of bleeding around his stoma. Defendant Crafton noted the bleeding and referred Plaintiff to see Dr. Lester Lewis, the CCS Medical Director, urgently. Plaintiff was evaluated by Dr. Lewis later that day. Dr. Lewis noted that Plaintiff had "some bleeding from bowel stump with protruding bowel that has been like this 'for a while.' Bleeding started after lunch." Dr. Lewis also noted a possible infection to the stoma site, prescribed antibiotics, and told Plaintiff to return to sick call the following day if the bleeding persisted.

The next day, Plaintiff returned to sick call with complaints of recurrent bleeding from his stoma. He was seen urgently by Defendant Crafton, who assessed his stoma and ostomy bag. Defendant Crafton applied a new "wafer" dressing with a larger opening to the site to prevent further irritation and advised Plaintiff to return the following day for further stoma assessment and photo documentation.

On March 3, 2018, Plaintiff returned to medical for assessment of his stoma, as directed. No active bleeding or complaints from Plaintiff were noted by Defendant Crafton.

On March 5, 2018, Plaintiff returned to medical for ostomy supplies. Defendant Crafton noted a very small amount of blood in the ostomy bag, but no complaints from Plaintiff. Plaintiff was provided with new supplies.

On March 19, 2018, Plaintiff returned to medical for ostomy supplies and dressing/pouch change. Plaintiff denied any active bleeding in the stoma area and was not in any distress. No complaints from Plaintiff were noted by Defendant Crafton.

On March 29, 2018, Plaintiff returned to medical with complaints of bleeding from his stoma, stating that "my stoma has been bleeding for over a month and I need something done about it." He also complained of burning pain of 7/10 on the pain scale. Defendant Crafton referred Plaintiff to Dr. Lewis. The records show that Dr. Lewis saw Plaintiff six days later on April 4, 2018. Dr. Lewis assessed Plaintiff's stoma and noted that he needed revisions to the stump and possible scope to look inside to further evaluate. Dr. Lewis referred Plaintiff to UK General Surgery for further evaluation.

Thus, according to the medical records provided by Plaintiff, Defendant Crafton referred him urgently to see Dr. Lewis on March 1, 2018; Plaintiff saw Dr. Lewis that same day; and Dr. Lewis prescribed him antibiotics. Defendant Crafton saw Plaintiff five more times between then

and March 29, 2018, when she again referred Plaintiff to Dr. Lewis. During those visits, she assessed the stoma site and provided medical supplies. On March 3, 5, and 19, Defendant Crafton's notes reflect that Plaintiff did not have any complaints. Defendant Crafton noted no active bleeding on March 3; a very small amount of blood in the ostomy bag on March 5; and that Plaintiff denied any active bleeding on March 19. On March 29, when Plaintiff reported to her that his stoma was bleeding and his pain was 7 out of 10 on the pain scale, she referred him to Dr. Lewis.

The Court does not doubt that Plaintiff has a serious medical need within the meaning of the Eighth Amendment. However, the Court finds that Plaintiff was afforded medical attention, and his dispute with Defendants concerns the adequacy of that treatment; as such, he fails to state a claim of deliberate indifference to that serious medical need. *Westlake v. Lucas*, 537 F.2d at 860 n.5; *see also White v. Napoleon*, 897 F.2d at 1010; *Christy v. Robinson*, 216 F. Supp. 2d at 413-14. Therefore, his claims against both Defendants must be dismissed.

### III. CONCLUSION

The motion to dismiss (DN 11) is **GRANTED**. By separate Order, the Court will dismiss this action.

Date: March 14, 2019

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record
4414.009

5